is prohibited. The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Craig H. DeArmond presiding. Good morning, counsel. Our next case is 4-25-0820 Dakota R. Mills, Lonenecker, Appalachia v. Deborah K. Ferletta-Denker, et al. Appellants. The counsel for the appellant, please state your name for the record. Alexander Mesny. Thank you, sir. The counsel for the appellate, could you please state your name for the record? Good morning, Your Honor. It's my pleasure to speak on behalf of Dakota R. Mills, Lonenecker, Appalachia. Thank you. Counsel, you may proceed. May it please the court, counsel. My name is Alex Mesny, appearing on behalf of the appellant Deborah K. Ferletta-Denker, successor trustee of the Robert C. Hauser Declaration of Trust, dated December 14, 1977. This case concerns the attorney-client privilege. The privilege is carefully guarded, including after death. We know from Hitt v. Stephens, one, the party seeking disclosure from an attorney has the burden of establishing that the attorney-client privilege does not apply. Two, the attorney-client privilege survives the client's death. Three, we know the privilege exists and persists even after death in order that the client may confide freely and fully in his or her attorney without fear that confidential information will be disseminated to others. And four, that estate planning is an extremely personal and private endeavor and may be based on considerations one would prefer never to reveal. In DeHart, the Illinois Supreme Court recognized one exception to the rule that the attorney-client privilege survives death. In the case of a will contest involving those claiming through the decedent in a dispute between the executor and the decedent's heirs or next of kin, the Illinois appellate court in Isenga has narrowly expanded the Illinois Supreme Court's one exception to include contests of inter vivos trusts. The Illinois appellate court has refused to expand the Illinois Supreme Court's exception further. Specifically, in Moro v. Pappas, it has refused to expand the exception to include mere construction cases. Moro states, nothing in the DeHart case supports the plaintiff's contention that the exception applies outside of will contest cases. And in the instant case, we do not have an instrument that is being contested. I don't think it's controversial to say that this is a construction case and not a contest case. What the few cases that have allowed the attorney-client privilege to be breached have in common is that they all involve some type of contest. There's been no attempt to contest the trust. There have been no allegations that the trust was improperly executed, that the settler lacked capacity, or that there was undue influence. Plaintiff does not allege the trust is invalid. He argues the trust is valid and that he should be included as a beneficiary based on his reading of the terms of the trust. Plaintiff conceded he was not contesting the validity of the trusted oral argument, and the trial court so found, and plaintiff notes on page five of his appellate brief, that this is not a contest. Entirely different concerns are at play in a trust contest and a suit to construe a trust. An actual contest where the entire testamentary scheme is called into question is considered to raise issues important enough to warrant abrogating the privilege, while a mere suit to construe a trust is not. This is shown with regard to interrogum clauses. When a plaintiff asks the court to construe the terms of oral trust, that suit does not trigger interrogum clauses, but a suit contesting the validity of a will or trust does. The certified question number one is, does the testamentary exception to the attorney-client privilege that has been recognized in will and trust contests also apply to disputes over the constructions of wills or trusts? That question should be answered in the negative. It is the absolute duty of the circuit court to follow the decisions of the appellate court. The Illinois appellate court has not expanded the Illinois Supreme Court's limited exception to the survival of the attorney-client privilege beyond death to include will or trust construction cases. The Illinois appellate court affirmatively refused to expand the Supreme Court's limited exception to situations in which there was not an actual contest in moral v. pappas. As a result, the trial court's decision in order dated April 29, 2025, effectively overrules the Illinois Supreme Court's decision in DeHart and the appellate court's decision in moral v. pappas, and so the appellate court should reverse the trial court's decision and answer certified question number one in the negative. Certified question number two is, if the answer to question one is yes, under what circumstances or conditions would the testamentary exception to the attorney-client privilege apply in lawsuits to destroy will or trust? If we get to certified question number two, I think we're in a world of trouble because we're creating from whole cloth without any experience a new rule abrogating the attorney-client privilege. There's no reason to do that. The case law does not support it, and sometimes when a court creates a rule or a test, there are unintended downstream consequences that have to be addressed in later cases. If certified question number one is answered in the positive, this court should answer certified question number two with a test designed to protect the privacy interests of settlors and testators when there are indicia that the settlor sought advice concerning a very personal matter, such as disinheriting those born out of wedlock. Unless the court has further questions, I ask that the judgment of the trial court granting the plaintiff's motion to compel the release of attorney's notes be reversed. Counsel, in Izinga, there was a quote from the restatement third. The attorney-client privilege does not apply to a communication from or to a decedent relevant to an issue between the parties who claim an interest through the same deceased client, either by test date or in test date succession, or by an inter vivos transaction. How should we consider that in relation to some trust instructions opposed to a trust context? The wisdom of Izinga is that it recognizes that an inter vivos estate plan can be similar to a will, but it doesn't change the fact that there's a different standard for contests versus construction actions. Nobody is saying that the entire distributary scheme is invalid, that it was procured by fraud, and there's no support for invalidating the privilege in the case of a mere trust construction or will construction. Thank you. Anything else, counsel? No, thank you. Counsel, for the appellate. Thank you. The decedent's right to privacy or privilege, this case involves an issue of the decedent's right to privacy or privilege versus the decedent's wish to carry out his intentions, which requires full disclosure in order to facilitate his intention. In this dispute between the parties, it concerns the construction of the amended trust, in particular, specific individuals that qualify as beneficiaries under various components of that trust. More particularly, the dispute concerns a request to construe and interpret the distribution scheme set forth in the amended housing trust. There's an ambiguity regarding the use of terms of child, grandchild, and descendants in the setting where the decedent refers to the public as his grandchild in another custody scheme. Counsel, since Izinga, has any Illinois court expanded the waiver, the testamentary waiver to a trust structure? No, but Izinga left the door open for that expansion. And when it decided that the testamentary exception extended to contest involving the validity of trust agreements, it was done to impart upon the restatement of the law of governing lawyers. And also, Graham's handbook of Illinois evidence, which, in his comment to section 81 of the new state, states, for example, that we'll contest a similar litigation. Our argument is this is similar litigation. The entire comment is- How is it similar? Pardon me? How is it similar? Because this is deciding what the decedent's state planning intent was. Yeah, but that's too broad. We're talking about a very limited exception. And just decedent's intent would open the door to there being no exception whatsoever. Anytime there was a question of decedent's intent, you'd then be allowed to bring in the attorney's notes and question the lawyer over what was the decedent's intent. So your application and your response is too broad. What is there about this specific circumstance that should cause us to extend the same privilege to trust constructions? The ambiguity in the use of the language and the construction of the language in the state planning document, the trust agreement. But again, that's general to any construction question or contest question. So even people that weren't even named, if they came in and sought construction of a trust, and they weren't even named in the trust. Well, but the pundits in this case was in effect named in the trust. Well, but you're asking us to, I'm not asking just as to this case. What you're asking us to do is to broaden the exception to trust contests. And I'm trying to figure out what it is about the I'm sorry, I've got them reversed. You're asking us to extend it to a trust construction. And what is it about the trust construction that should allow us to extend this testamentary exception? That doesn't apply to every contest or construction. Agreed, it's a narrow exception. And the narrow exception should be carved out when the specific facts of the case. So that there is an ambiguity involved in the language of the trust history, such that which refers to the plaintiff or the beneficiary, directly or indirectly, and to aid the court in the interpretation of the instrument as a result of the ambiguity. The attorney notes the aid in that construction. On that basis, the narrow exception should apply. I'm sorry, go ahead. That ends my answer to the first question. No, go ahead with your argument, I'm sorry. So, the exception in such a sometime, well, I'm quoting from the restatement. The exception in the section is sometimes justified on the grounds that the decedent would have wished full disclosure to facilitate clearing out the client's intentions. The dispute might involve either tested or untested succession of claims arising from inter-violence transactions to which the decedent is a party. The witness will most often be the decedent's lawyer who is in a position to know the client's intentions and whose testimony ordinarily are not intended by partial interest. Suppressing such testimony will hinder the fair resolution of the trustee's or the testator's intent into a contest in similar types of cases. It is therefore probable that the exception does little to lessen the information needed to prove the claims. And I adopt fully the reasoning and the language of that restatement in asking this court to pardon the exception. I know it does not appear that a public court can answer this question expressly. Litigation between parties on the entitlement and the distribution scheme set forth in the rule of trust also fits within the narrow parameters of the testamentary exception to the attorney-client privilege. The lawsuit, if you're seeking to invalidate a rule of trust, is not different from a lawsuit where the party is claiming the entitlement to distributions under a rule or a trust. Both scenarios involve one group of litigants seeking to establish rights to entitlement under a rule or benefits under a trust versus another group of litigants seeking to preclude, invalidate, or minimize the other group's claim to recovery under the same rule of trust. The rationale supporting the testamentary exception in the rule of trust contest setting has equal application to the dispute among various beneficiaries for the rights and entitlements to distributions or allocations under a rule of trust. The exception, or excuse me, the extension of the exception is justified on the grounds that the decedent did not fully disclosure in order to facilitate the clearing out of his intended disdainful dispute. The decedent's lawyer is in a position to know the client's intentions and suppressing access to the attorney's notes, file materials, and possible testimony would hamper the thorough resolution of questions involving the testator's intent in the rule of trust and similar types of cases of which this is not. That concludes my argument. Thank you, counsel. Counsel in rebuttal. Thank you, Justice. The attorney-client privilege is the most important privilege. Certainly as a policy matter, we could eliminate all privileges, but the case law does not support that in this arena. With regard to the restatement, the restatement does not distinguish, as only courts do, between trust and will contests as opposed to mere actions to construe a trust or will. That was not an issue in IZENGA because IZENGA involved a trust contest and was not a mere construction case, and so the citation of the restatement in IZENGA is dicta for the purpose of this case. Thank you. I have no further comments. All right. Thank you, counsel. I appreciate your arguments. Court will take this matter under advisement and may stand in recess.